David Lopez
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Road, P.O. Box 323
Southampton, New York  11969-0323
Phone: (631) 287-5520
Email: DavidLopezEsq@aol.com

*Counsel for Plaintiffs*

Miriam Tauber
MIRIAM TAUBER LAW PLLC
885 Park Avenue # 2A
New York, New York 10075
Phone: (323) 790-4881
Email: MiriamTauberLaw@gmail.com

*Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS J. DONOGHUE,<br><br>Plaintiff,<br><br>– v. –<br><br>KINGDOM BUILDING, INC.,<br><br>Defendant,<br><br>– and –<br><br>AMERICAN REBEL HOLDINGS, INC.,<br><br>Nominal Defendant. | ECF CASE<br><br>No. **25-cv-2200** _____<br><br>COMPLAINT FOR RECOVERY<br>OF SHORT-SWING PROFITS<br>UNDER 15 U.S.C. § 78p(b)<br><br>**JURY DEMAND** |

Plaintiff, Dennis J. Donoghue, by his undersigned attorneys, pleads for his complaint as follows:

## INTRODUCTION

1. This is an action for recovery of profits under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

2. Plaintiff Dennis J. Donoghue ("Plaintiff" or "Donoghue"), a stockholder of Nominal Defendant American Rebel Holdings, Inc. ("Nominal Defendant" or "ARH"), brings this action against American Rebel investor Kingdom Building, Inc. ("Defendant" or "KBI") to recover on behalf and for the benefit of ARH.

3. At all relevant times beginning May 13, 2024, Defendant was beneficial owner of 133,334 shares of Series D Convertible Preferred Stock, more than 10% of a class of equity security of ARH, convertible at any time at the election of the Defendant into 666,670 shares of ARH common stock or roughly 26.79% of the latter class outstanding, all subject to increase as hereafter described.

4. While subject to Section 16(b) of the Act as more-than-10% beneficial owners the Defendant realized a short-swing profit, currently estimated at not less than $567,000.00, from its purchases and sales of ARH's equity securities within periods of less than six (6) months.

5. Under Section 16(b) of the Act the aforementioned profit is ARH's lawful property, which the Defendant is strictly liable to account for and to pay over.

**JURISDICTION AND VENUE**

6. Jurisdiction is conferred on this Court by Section 27 of the Act, 15 U.S.C. § 78aa, and by 28 U.S.C. § 1331.

7. Venue lies in this District under Section 27 of the Act and 28 U.S.C. § 1401 because the relevant transactions described herein were executed in part through the facilities of The Nasdaq Stock Market LLC, a national securities exchange registered under Section 6 of the Act, 15 U.S.C. § 78f, and located in this District.

## THE PARTIES

8. Plaintiff Dennis J. Donoghue is a natural person, a resident of the State of New York, and a stockholder of ARH.

9. Defendant Kingdom Building, Inc. is a business corporation with a principal place of business or can be found in Encinitas, California.

10. Nominal Defendant American Rebel Holdings, Inc. is a corporation formed under the laws of the State of Nevada with a principal place of business in Memphis, Tennessee.

11. At all relevant times, ARH's common stock was registered under Section 12(b) of the Act, 15 U.S.C. § 78$l$(b), and was listed for trading on The Nasdaq Stock Market LLC. This action is brought in the right and for the benefit of ARH, which is named as a nominal defendant solely to ensure that all necessary parties are before the Court.

## THE FACTS

12. On or about May 13, 2024, ARH sold to KBI, pursuant to a Securities Exchange Agreement of that date, 133,334 shares of Series D Convertible Preferred Stock, convertible into 666,670 shares of common stock at a conversion price of $1.50 per share of common stock.

13. On or about July 10, 2024, ARH and KBI entered into a Conversion and Settlement Agreement under the terms of which the number of shares issuable upon conversion was increased to 2,232,147 and KBI exercised its right in full.

14.    The effective exercise price was thereby reduced to $0.448 per share, a material change in the terms of the convertible security of sufficient magnitude to constitute it a new purchase of the modified instrument and a sale of the earlier supplanted instrument.  The new and reduced per share price reflected contemporaneous public market trading pricing.

15.    Within periods of less than six (6) months,  KBI sold at least equal numbers of ARH shares of common stock at higher prices.

16.    The Defendant realized "short-swing" profits in amounts unknown to plaintiff but estimated at no less than $567,000.

17.    Plaintiff made a written demand on ARH for recovery of the profit realized by the Defendant on or about September 21, 2024.  More than 60 days have passed since those demands were made, and ARH has neither instituted suit to recover the profit realized nor recovered the same.

## SOLE CLAIM FOR RELIEF:
### RECOVERY OF PROFIT UNDER 15 U.S.C. § 78p(b)

18.    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-17 above.

19.    Section 16(b) of the Securities Exchange Act of 1934, as amended, reads in pertinent part as follows:

> For the purpose of preventing the unfair use of information which may have been obtained by [a 10 percent] beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) or a security-based swap agreement involving

any such equity security within any period of less than six months, unless such security or security-based swap agreement was acquired in good faith in connection with a debt previously contracted, shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security or security-based swap agreement purchased or of not repurchasing the security or security-based swap agreement sold for a period exceeding six months. Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date such profit was realized.

15 U.S.C. § 78p(b).

20.    At all relevant times, Defendant was a beneficial owner of ARH subject to Section 16 of the Act as desribed herein.

21.    While subject to Section 16 of the Act, Defendant is deemed to have purchased and sold ARH's equity securities as described herein.

22.    Each sale of ARH's equity securities was made within less than six (6) months of the purchase of ARH's equity securities and at a higher price.

23.    Defendant had a direct or indirect pecuniary interest in each purchase or sale of ARH's equity securities as described herein.

24.    Under the "lowest-in, highest-out" method for computing realized profits pursuant to Section 16(b) of the Act, Defendant realized recoverable profits in an amount no less than $567,000.

25. Under Section 16(b) of the Act, the profit realized by the Defendant inured to ARH and is recoverable by Plaintiff in its stead, ARH having failed to seek recovery of the same despite due and timely demand.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays this Court for judgment:

(a) Requiring the Defendant to account for and pay over to ARH the short-swing profit realized and retained by it in violation of Section 16(b) of the Act in an amount not less than $567,000 together with appropriate pre- and post-judgment interest and the costs of this suit;

(b) Awarding Plaintiff his costs and disbursements including reasonable attorney's, accountant's, and expert witness fees; and

(c) Granting Plaintiff such further relief as the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully demands a trial by jury on each and every question so triable.

Dated: March 17, 2025

_____
David Lopez

*Miriam Tauber*
Miriam Tauber