David Lopez
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Road, P.O. Box 323
Southampton, New York 11969-0323
Phone: (631) 287-5520
Email: DavidLopezEsq@aol.com

*Counsel for Plaintiffs*

Miriam Tauber
MIRIAM TAUBER LAW PLLC
885 Park Avenue # 2A
New York, New York 10075
Phone: (323) 790-4881
Email: MiriamTauberLaw@gmail.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS J. DONOGHUE,<br><br>Plaintiff,<br><br>– v. –<br><br>KINGDOM BUILDING, INC., EDWARD HABERFIELD, DANIELLE HABERFIELD And THE HABERFIELD FAMILY TRUST DATED MAY 17, 2017,<br><br>Defendants,<br><br>– and –<br><br>AMERICAN REBEL HOLDINGS, INC..,<br><br>Nominal Defendant. | ECF CASE<br><br>No. 25-cv-2200-VSB-RFT<br><br>FIRST AMENDED COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78p(b) (SECTION 16(b))<br><br>**JURY DEMAND** |

Plaintiff, Dennis J. Donoghue, by his undersigned attorneys, pleads for his First Amended Complaint, filed as of right, as follows:

### INTRODUCTION

1. This is an action for recovery of so-called short-swing profits under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

2. Section 16(b) was the original and, for many years, the only express insider trading provision of the Act. *See* Richard W. Jennings et al., Securities Regulation: Cases and Materials 1202 (8th ed. 1998). Its purpose is to "prevent[] the unfair use of information that may have been obtained by [an insider] by reason of his relationship to the issuer." 15 U.S.C. § 78p(a).

3. Section 16 applies to the directors and officers of every issuer with a class of publicly traded equity security. *Id.* § 78p(a), (b). It also applies to every beneficial owner of more than 10% of any such class. *Id.* Under Section 16(b), these "insiders" must pay over to the issuer any profits they realize from any purchase and sale or sale and purchase of the issuer's equity securities within periods of less than six months. *Id.* § 78p(b). If an insider fails to repay these "short-swing" profits the statute empowers the issuer, or "the owner of any security of the issuer," to bring suit to recover it. *Id.*

4. Liability under Section 16(b) is strict. The issuer is entitled to recover the profit from an insider's short-swing transactions "irrespective of any intention on the part of [the insider] in entering into such transaction." *Id.* Recovery never depends on proof of scienter, of wrongful intent nor the proven misuse of inside information. *See Reliance Elec. Co. v. Emerson Elec. Co.*, 404 U.S. 418, 422 (1972).

5. Plaintiff, a stockholder of Nominal Defendant American Rebel, Inc. ("American Rebel"), brings this action against related American Rebel investors: Kingdom Building, Inc. (Kingdom Building) and its 100% owners, Edward Haberfield

and Danielle Haberfield as Trustees of the Haberfield Family Trust dated May 17, 2017, collectively The Defendants.

6. Beginning May 13, 2024, the Defendants were beneficial owners of 133,334 Shares of Series D Convertible Preferred Shares, more than 10% of a class of equity security of American Rebel, convertible at any time at the election of the Defendants into 666,670 shares of American Rebel common stock or roughly 26.79% of the latter class outstanding.

7. While subject to Section 16(b) as more-than-10% beneficial owners the Defendants realized short-swing profits, currently estimated at not less than $624,000.00, from their purchases and sales of American Rebel's equity securities within periods of less than six months.

8. Under Section 16(b) of the Act that profit is now American Rebel's lawful property which the Defendants are strictly liable to account for and to pay over to American Rebel.

## JURISDICTION AND VENUE

9. Jurisdiction is conferred on this Court by Section 27 of the Act, 15 U.S.C. § 78aa, and by 28 U.S.C. § 1331.

10. Venue lies in this District under Section 27 of the Act and 28 U.S.C. § 1401 because the sale transactions described in the Appendix hereto were executed through the facilities of The Nasdaq Stock Market LLC, a national securities

exchange registered under Section 6 of the Act, 15 U.S.C. § 78f, and located in this District

## THE PARTIES

11. Plaintiff Dennis Donoghue is a natural person, a resident of the State of New York and of Westchester County within this district, and a stockholder of American Rebel.

12. Defendant Kingdom Building is a business corporation with a principal place of business or which can be found in Encinitas, California.

13. Defendant Edward Haberfield is a natural person and resides, has a principal place of business or can be found in Encinitas, California.

14. Defendant Danielle Haberfield is a natural person and resides, has a principal place of business or can be found in Encinitas, California.

15. Defendant The Haberfield Family Trust dated May 17, 2017, (The Trust) is a California trust domiciled in Encinitas, California.

16. The Trust is the 100% owner of Kingdom Building.

17. The trustees of The Trust are Edward Haberfield an d Danielle Haberfield who have pecuniary interests in and voting and dispositive powers over the Trust.

18. Nominal Defendant American Rebel is a corporation formed under the laws of the State of Nevada with a principal place of business in Memphis, Tennessee.

19. At all relevant times, American Rebel's's common stock was registered under Section 12(b) of the Act, 15 U.S.C. § 78*l*(b), and was listed for trading on The Nasdaq Stock Market LLC. within this district. This action is brought in the right and for the benefit of American Rebel, which is named as a nominal defendant solely to ensure that all necessary parties are before the Court.

## THE FACTS

21. On or about May 13, 2024, American Rebel sold to Kingdom Building pursuant to a Securities Exchange Agreement of that date 133,334 shares of Series D Convertible Preferred Stock, convertible to 666,670 shares of common stock at a conversion price of $1.50 per share of common stock.

22. On or about July 10, 2024, American Rebel and Kingdom Building entered into a Conversion and Settlement Agreement under the terms of which the number of shares issuable upon conversion was increased to 2,232,147 and Kingdom Building exercised its rights in full on receipt.

23. The effective exercise price was thereby reduced to $0.448 per share, which, along with the increase in the number of shares covered, were material changes in the terms of the convertible security of sufficient magnitude to constitute a new purchase

of the modified instrument and a sale of the earlier supplanted instrument. The new and reduced per share common stock price reflected contemporaneous public market pricing

24. On January 10, 2025, Kingdom Building purchased from American Rebel 40,000 "Original Issue Discount Note[s]" convertible into 215,000 shares of American Rebel common stock. For purposes of Section 16(b) the purchaseprice will need to reflect contemporaneous public market trading

25. Within periods of less than six months Kingdom Building sold equal or greater numbers of American Rebel shares of common stock at higher prices on the dates, in the quantities and at the prices enumerated at the Appendix hereto.

26. Until after *plaintiff's* intervention Kingdom Building had not filed timely or complete reports with the Securities and Exchange Commisson disclosing in detail its purchases and sales of equity securities of American Rebel as required by Sections 13(d) and 16(a) of the Act. As a result of plaintiff's intervention what purport to be such filings were made during the month of February, 2025. Discovery will be needed to verify that complete and accurate disclosures have now been made. Pending such discovery plaintiff alleges that within less than six month periods measured from May 13, 2024, and continuing to the date of filing of this suit purchases and sales of additional Shares of American Rebel common stock have been made by the Defendants.

**The Profit and Plaintiffs' Demands**

27. The defendants have realized "short-swing" profits in amounts unknown to plaintiff but currently estimated at not less than $624,950.00.

28. <u>Plaintiff</u> made written demand on <u>American Rebel</u> for recovery of the profit realized by the <u>Defendants</u> on or about September 21, 2024. More than 60 days have passed since those demands were made, and <u>American Rebel</u> has neither instituted suit to recover the profit realized nor recovered the same.

**SOLE CLAIM FOR RELIEF:**

**RECOVERY OF PROFIT UNDER 15 U.S.C. § 78p(b)**

**(AGAINST EACH DEFENDANT)**

29. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-28 above.

30. Section 16(b) of the Securities Exchange Act of 1934, as amended, reads in pertinent part as follows:

> "For the purpose of preventing the unfair use of information which may have been obtained by [a 10 percent] beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) or a security-based swap agreement involving any such equity security within any period of less than six months, unless such security or security-based swap agreement was acquired in good faith in connection with a debt previously contracted, shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security or security-based swap agreement purchased or of not repurchasing the security or security-based swap agreement sold for a period exceeding six months. Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date such profit was realized." 15 U.S.C. § 78p(b).

31. At all relevant times, each Defendant was a statutory insider of American Rebel subject to Section 16 of the Act..

32. While subject to Section 16 of the Act, each Defendant is deemed to have purchased and sold American Rebel's equity securities as described at the Appendix hereto.

33. Each sale of American Rebel's equity securities was made within less than six months of a purchase of American Rebvels's equity securities and at a higher price.

34. Each Defendant had a direct or indirect pecuniary interest in each purchase and sale of American Rebel's equity securities alleged herein.

35. Under the "lowest-in, highest-out" method for computing realized profit pursuant to the decisions under Section 16(b) of the Act, the Defendants realized a recoverable profit in an amount currently unknown but estimated to be no less than $624,500.00.

36. Under Section 16(b) of the Act, the profit realized by the Defendants alleged herein inured to American Rebel and is recoverable by Plaintiff in its stead and on its behalf, American Rebel having failed to seek recovery of the same despite due and timely demand.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays this Court for judgment:

(a) Requiring the Defendants jointly and severally to account for and to pay over to American Rebel the short-swing profits realized and retained by them in violation of Section 16(b) of the Act in an amount not less than $624,500.00, together with appropriate pre and post judgment interest and the costs of this suit;

(b) Awarding Plaintiff his costs and disbursements including reasonable attorney's, accountant's, and expert witness fees; and

(c) Granting Plaintiff such further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully demands a trial by jury on each and every question so triable.

Dated: Southampton, New York
April 16, 2025

_____          _____
David López                                      Miriam Tauber

Attorneys for Plaintiff